FILED
CLERK
8/11/2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

T.M.W., individually and as parent and natural Guardian of and on behalf of T.A.W., a child Under the age of 10 years,

*Plaintiffs*,

-against-

NASSAU COUNTY POLICE DEPARTMENT, PATRICK J. RYDER, as Commissioner of the NASSAU COUNTY POLICE DEPARTMENT and POLICE OFFICER JOHN or JANE DOE, said name being fictitious and presently unknown to Plaintiffs but intended to be the Police Officer who ordered and directed the events set forth in this complaint, who is sued individually as well as in his or her personal capacity as a police officer on the Nassau County Police Department,

*Defendants*.

-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

25-cv-05161 (JMA)(JMW)

**A P P E A R A N C E S:**

Patrick C. Carroll
**Law Office of Patrick C. Carroll, Esq.**
One Old Country Road, Suite 125
Carle Place, NY 11514
*Attorney for Plaintiffs*

Mohammad Tahir
**Nassau County Attorney's Office**
1 West Street, Room 257
Mineola, NY 11501
*Attorney for Defendants*

**WICKS,** Magistrate Judge:

Plaintiffs T.M.W., individually and as parent and natural Guardian of and on behalf of T.A.W., a child under the age of 10 years ("Plaintiffs") commenced this action on September 15,

2025, asserting *inter alia* claims of constitutional violations, Monell liability, violations of the Americans with Disabilities Act of 1990 and Section 504 of the Rehabilitation Act of 1973, as well as state law claims(*see generally*, ECF No. 2) against Defendants.[1] The parties are in the midst of discovery and have stumbled across obstacles leading to the instant application. Presently before the Court is Plaintiffs' third Motion to Compel and second Motion for Sanctions (ECF No. 21), which is opposed by Defendants. (ECF No. 22).[2] However, at the August 7, 2026 Status Conference, the Court ruled that Plaintiffs' request to strike the answer was denied and given Defendants' supplemental productions as outlined in ECF No. 22 coupled with the extension of time to complete discovery, the portion of the instant application as it pertained to compelling production was denied. (*See* Electronic Order dated 8/7/2026.) Accordingly, the Court reserved decision as to the portion of the instant application pertaining to discovery sanctions. For the reasons stated below, the Motion for Sanctions (ECF No. 21) is **GRANTED.**

## RELEVANT BACKGROUND

The Court issued a Rule 26(f) scheduling order on January 12, 2026. (ECF No. 12.) On April 28, 2026, Plaintiffs filed a motion to compel discovery production. (ECF No. 13.) Defendants filed their opposition on May 13, 2026, admitting to the lack of production and seeking an extension of time. (ECF No. 14.) The Court granted Plaintiffs' motion and directed that "all outstanding documents and privileged log must be provided if documents [were being] withheld on that basis, and all interrogatories must be sworn and responded to" by May 22, 2026.

---

[1] The Defendants are the Nassau County Police Department, Patrick Ryder, as Commissioner of the Nassau County Police Department, and Police Officer John or Jane Doe, said name being fictitious and presently unknown to Plaintiffs but intended to be the Police Officer who ordered and directed the events set forth in the complaint, who is sued individually as well as in his or her capacity as a Police Officer on the Nassau County Police Department.

[2] The Court denied prior applications as further outlined in Relevant Background.

(Electronic Order dated 05/15/2026.) Shortly thereafter, on May 22, 2026, Defendants filed a letter motion requesting an extension of time to complete discovery, which the Court granted in part. (ECF No. 15; Electronic Order dated 5/25/2026.) Defendants again sought further time to complete discovery on June 5, 2026, which the Court granted and noted that no additional extensions would be granted as this was the final extension. (ECF No. 17; Electronic Order dated 6/5/2026.) The Court amended the schedule as follows:

> (1) document production was extended to July 6, 2026; (2) completion of all fact discovery was extended to July 30, 2026; (3) identification of case in chief experts and service of Rule 26 disclosures was extended to August 17, 2026; (4) identification of rebuttal experts and service of Rule 26 disclosures was extended to September 17, 2026; (5) the close of all discovery, including expert discovery, was extended to October 13, 2026; and (6) the final date by which the parties shall take the first step in summary judgment motion practice was extended to November 9, 2026.

(Electronic Order dated 6/5/2026.)

Plaintiffs filed a second letter motion for discovery, in addition to a motion for sanctions on July 2, 2026. (ECF No. 18.) Defendants replied in opposition the following day. (ECF No. 19.) The Court denied these respective motions with leave to renew only following a meaningful meet and confer. (Electronic Order dated 7/5/2026.)

On July 28, 2026, Defendants again sought an extension of time to complete discovery despite the Court's notation that the previous extension would not be further extended. (ECF No. 20.) The same day, Plaintiffs opposed, renewed the instant motions for sanctions and to compel discovery. (ECF No. 21.) Defendants filed their opposition to the instant application on August 6, 2026. (ECF No. 22.) On August 7, 2026, the Court held a conference on the motion and ruled that Plaintiffs' request to strike the answer and to compel documents was denied since a substantial document production was made prior to the conference, but reserved decision on the sanctions branch of the motion. (*See* Electronic Order dated 8/7/2026.) On August 11, 2026,

counsel for Defendants wrote a letter to the Court to "clarify the record concerning the parties' ongoing discovery communications." (ECF No. 23.)

**THE LEGAL FRAMEWORK**

"The imposition of sanctions under Rule 37 lies within the broad discretion of the district court." *Perros v. Cnty of Nassau*, CV 15-5598 (GRB)(AKT), 2021 WL 4480666, at *7 (E.D.N.Y. Sep. 30, 2021) (noting that "Rule 37 is most relevant when a party fails to comply with a court order to produce discovery or fails to produce to an adversary relevant, requested information") (internal quotation and citation omitted); *see also Charles v. Cnty. of Nassau*, 116 F. Supp. 3d 107, 121 (E.D.N.Y. 2015) ("Failure to timely produce documents during the discovery period is a violation of discovery rules, subject to sanctions pursuant to Rule 37."); *Samonte v. Wanat*, No. 13-CV-226 (MKB), 2014 WL 1817605, at *6 (E.D.N.Y. May 6, 2014) (same). With this discretion, the Court is afforded a wide panoply of options once it is determined that discovery sanctions are warranted. "Rule 37 provides a district court with a wide range of sanctions which it may apply to a wide range of circumstances – potential sanctions extend from payment of expenses and similar monetary sanctions at one end of the spectrum to default judgment on the other." *Abante Rooter & Plumbing, Inc. v. Shore Funding Sols., Inc.*, No. 17-CV-6499 (ADS)(AKT), 2019 WL 2436239, at *5 (E.D.N.Y. Mar. 6, 2019), *report and recommendation adopted*, 2019 WL 1986606 (E.D.N.Y. May 6, 2019).

When a party exhibits misconduct that warrants a sanction, but the misconduct is not as offensive as to warrant striking of the answer and entry of default, courts will impose other, less draconian sanctions. *See, e.g.*, *Abante Rooter & Plumbing, Inc.* 2019 WL 2436239, at *6. ("[T]he Court concludes that a default judgment as a sanction under Rule 37 would not be appropriate in the instant circumstances. However ... in the absence of any justification for

[Defendant's] conduct, it is clear to the Court that some form of sanction under Rule 37 is appropriate"); *Airlines Reporting Corp. v. Grecian Travel, Inc.*, 170 F.R.D. 351 (E.D.N.Y. 1995) ("Here, [Defendant's] actions do not quite reach the level where such extreme sanctions should be imposed ... [Defendant's] dilatory behavior warrants an order compelling discovery").

Rule 37 authorizes sanctions in the form of "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," "prohibiting the disobedient party from supporting or opposing designate claims or defenses, or from introducing designated matters in evidence," and "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(i)-(iii). Moreover, pursuant to Fed. R. Civ. P. 37(d), the court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). Under this provision, sanctions include "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)" in addition to "reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(1)(3).

"The two predicates to the imposition of sanctions under Rule 37(b) are (1) a 'court order directing compliance with discovery requests," and (2) "non-compliance with that order[.]' " *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, 673 F. Supp. 3d 345, 356 (S.D.N.Y. 2023) (quoting *Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, No. 15-CV-3533 (CM) (BCM), 2017 WL 2840279, at *9 (S.D.N.Y. June 27, 2017)). "A party that fails to cooperate in discovery or comply with court orders is subject to sanctions under Rule 37 of the Federal Rules of Civil Procedure." *Stavola v. Macro Digital Tech. Corp.*, No. 24-CV-00026 (GRB) (JMW), 2025 WL 2466991, at *1 (E.D.N.Y. Aug. 27, 2025) (quoting *Allied 100, LLC v.*

*Chadha*, No. 20-CV-03493 (AMD) (PK), 2021 WL 7184241, at *6 (E.D.N.Y. July 26, 2021)). Importantly, "[b]ad faith" is a pre-condition for imposing sanctions under the Court's inherent power whereas a showing of bad faith is not required under Rule 37. *Pincus Law Group, PLLC, v. Majenica Lynn Springer & MJ Connections Inc.*, No. 23-CV-05528 (SJB) (JMW), 2026 WL 323048, at *7 (E.D.N.Y. Feb. 6, 2026) (quoting *CSL Silicones Inc. v. Midsun Group Inc.*, No. 14-cv-01897 (CSH), 2016 WL 3568173, at *5 (D. Conn. June 27, 2016)). It follows, therefore, that "Rule 37 sanctions ... may be imposed 'notwithstanding a lack of willfulness or bad faith ....'" *Id.* (quoting *Richards v. Kallish*, No. 22-cv-9095 (CS) (VR), 2024 WL 180869, at *6, n.8 (S.D.N.Y. Jan. 17, 2024)).

It is against this backdrop that the Court considers Plaintiffs' motion for sanctions.

## DISCUSSION

Plaintiffs argue that Defendants have acted willfully in their failure to provide full discovery and that "the timeline … speaks for itself as there has been repeated noncompliance with discovery obligations preventing the Plaintiffs from effectively litigating their claims." (ECF No. 21 at 1-2.) While majority of Plaintiffs' application deals with the compelling of discovery, which is now moot as discussed *supra*, the relief sought is pursuant to Federal Rules 16 and 37 and specifically seeks "a remedy up to and including the striking of Defendants' answer for their systemic failures to provide discovery without any reasonable excuse for their failure to do so." (*Id.* at 1.) In opposition, Defendants assert that "[t]he record does not establish willful noncompliance or bad faith. Rather, it reflects a substantial discovery production, continued communications between counsel, and ongoing efforts to complete the limited discovery that remains outstanding." (ECF Nos. 22 at 1; 23.) Indeed, as of August 6, 2026, Defendants provided supplemental productions and as of August 7, 2026, the Court extended the

time to complete the remaining discovery, most of which are the taking of depositions. (*See id.* at 1-2; Electronic Order dated 8/7/2026.) Notwithstanding the supplemental productions made on August 6th, the Defendants have violated discovery deadlines. Prior to the latest extension of time, production was due by July 6, 2026, and fact discovery was to be completed by July 30, 2026. (*See* Electronic Order 6/5/2026.) Deadlines set by the Court are not merely aspirational dates. Rather they are court orders which cannot casually ignored. Since there was clear noncompliance with this Court's June 5, 2026 Order directing compliance with discovery requests, the next step is to fashion an appropriate remedy. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, 673 F. Supp. 3d at 360 (analyzing whether monetary sanctions are appropriate after determining defendants failed to comply with prior courts orders); *Ballard v. Dzurenda*, No. 20-CV-05241 (MKB) (JMW), 2026 WL 472575, at *4 (E.D.N.Y. Feb. 19, 2026) (same).

The Court's discretion in awarding sanctions is broad. *See Penn-Star Ins. Co. v. All Star 1 LLC,* No. 24-CV-07311 (LJL), 2026 WL 1158029, at *2 (S.D.N.Y. Apr. 29, 2026) (internal citations omitted) ("A court's broad discretion in imposing discovery sanctions pursuant to Rule 37 "is cabined by two basic limitations: first, 'the sanctions must be 'just,' and second, the sanctions 'must relate to the particular claim to which the discovery order was addressed.'") A finding of willfulness under Rule 37 is not required. See *Pincus Law Group, PLLC*, 2026 WL 323048, at *7. However, in determining the severity of the sanction, some courts indeed look wo whether the conduct was willful. *See Lawrence v. Flohr*, No. 23-CV-09844 (SHS) (KHP), 2026 WL 1265726, at *3 (S.D.N.Y. May 7, 2026) (internal citation omitted) ("When considering default judgment or striking of pleadings as a sanction, the Court should only enter such a

judgment when it has considered lesser alternatives and the noncompliance was rooted in 'willfulness, bad faith, or any fault of the party sanctioned'").

With that, considering defense counsel's more recent efforts to move the case along, and the documents produced to date, the Court issues "[t]he 'mildest' sanction specifically enumerated under Rule 37(b) [which] is an order that the party who violated the discovery order at issue, or the attorney advising that party, be required to reimburse the opposing party for expenses caused by the violation." *Richards*, 2024 WL 180869, at *5 (quoting *Jay v. Spectrum Brands Holdings, Inc.*, No. 13-cv-8137, 2015 WL 6437581, at *12 (S.D.N.Y. Oct. 20, 2015)).

Fed. R. Civ. P. 37 explicitly provides that if a discovery motion is granted, a court must require the non-compliant party to pay attorney's fees or the moving party's reasonable expenses. *See* Fed. R. Civ. P. 37(a)(5); *see also Adler v. Sonotec US Inc.*, No. 23-CV-1634 (GRB) (ST), 2025 WL 2614993, at *9 (E.D.N.Y. Sept. 10, 2025) (citing Fed. R. Civ. P. 37(a)(5)(A) ("when a discovery motion is granted pursuant to Rule 37, the Court must 'require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees.' ")). At bottom, if a party disobeys a court order to produce discovery, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Here, the imposition of costs is appropriate under Rule 37. Plaintiffs were compelled to expend time and resources in an attempt to secure Defendants' compliance to produce discovery that should have been disclosed as of July 6, 2026, rather than a month later. Defendants do not offer substantial justification or other circumstances to excuse their noncompliance. Nor did the

Court hear any at the August 7, 2026 conference and instead a request for more time was asked. *See Sadowski v. Yeshiva World News, LLC*, No. 21-cv-7207 (AMD) (MMH), 2023 WL 6812273, at *2 (E.D.N.Y. Oct. 16, 2023) (quoting *Republic of Guatemala v. IC Power Asia Dev. Ltd.*, No. 22-cv-394 (CM) (JW), 2023 WL 3294277, at *3 (S.D.N.Y. May 5, 2023) (determining plaintiff was entitled to reasonable attorney's fees where there was "nothing to suggest" substantial justification or "that any other circumstances exist that would make an award of fees unjust")).

"Once Rule 37 is triggered, [like here,] '[t]he district court is free to consider the full record in the case in order to select the appropriate sanction.'" *J.C. v. Zimmerman*, 150 F.4th 136, 146 (2d Cir. 2025) (citation omitted). As such, an award of fees is appropriate under the circumstances. *See Stavola v. Macro Digital Tech. Corp.*, No. 24-cv-00026 (GRB) (JMW), 2025 WL 2240297, at *7 (E.D.N.Y. Aug. 6, 2025) (granting motion to compel discovery responses and determining an award of attorneys' fees was appropriate in light of the time spent meeting with opposing counsel, addressing extensions of time to respond to interrogatories, and filing the motion to compel); *see also Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 162-63 (S.D.N.Y. 2012) (ordering plaintiff to pay reasonable attorneys' fees and costs incurred in making the motion to compel and costs associated with the additional discovery); *Adler*, 2025 WL 2614993, at *9 (granting fees for a discovery motion).

Accordingly, Plaintiffs are entitled to reasonable attorneys' fees and expenses incurred in bringing this motion. *See Hunter v. City of New York*, No. 12-CV-6139 (MKB), 2021 WL 4942769, at *8 (E.D.N.Y. Oct. 22, 2021) (granting a sanctions motion and thereafter awarding attorneys' fees). Counsel for Plaintiffs is directed to submit a declaration or affidavit setting forth the basis for costs and attorneys' fees, with the appropriate supporting documentation.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' second Motion for Sanctions (ECF No. 21) is **GRANTED**. As previously directed, Plaintiff shall file support for a fee application for all fees and costs associated with the making of this motion by **August 14, 2026**. (*See* Electronic Order dated 8/7/2026.) Defendant shall file any opposition to the fee request on or before **August 21, 2026**.

Dated: Central Islip, New York
August 11, 2026

**S O O R D E R E D:**

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge