**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
CLERK
**8/24/2026**
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

-------------------------------------------------------------------X
T.M.W., individually and as parent and natural Guardian of and on behalf of T.A.W., a child Under the age of 10 years,

*Plaintiffs*,

-against-

NASSAU COUNTY POLICE DEPARTMENT, PATRICK J. RYDER, as Commissioner of the NASSAU COUNTY POLICE DEPARTMENT and POLICE OFFICER JOHN or JANE DOE, said name being fictitious and presently unknown to Plaintiffs but intended to be the Police Officer who ordered and directed the events set forth in this complaint, who is sued individually as well as in his or her personal capacity as a police officer on the Nassau County Police Department,

*Defendants*.
-------------------------------------------------------------------X

**ORDER**

25-cv-05161 (JMA)(JMW)

**A P P E A R A N C E S:**

Patrick C. Carroll
**Law Office of Patrick C. Carroll, Esq.**
One Old Country Road, Suite 125
Carle Place, NY 11514
*Attorney for Plaintiffs*

Mohammad Tahir
**Nassau County Attorney's Office**
1 West Street, Room 257
Mineola, NY 11501
*Attorney for Defendants*

**WICKS,** Magistrate Judge:

Plaintiffs T.M.W., individually and as parent and natural Guardian of and on behalf of T.A.W., a child under the age of 10 years ("Plaintiffs") commenced this action on September 15,

2025, asserting *inter alia* claims of constitutional violations, Monell liability, violations of the Americans with Disabilities Act of 1990 and Section 504 of the Rehabilitation Act of 1973, as well as state law claims (*see generally*, ECF No. 2) against Defendants.[1] The parties are in the midst of discovery and having had issues along the way, the Court recently granted the Plaintiffs' Motion for Sanctions (ECF No. 21) against the Defendants for failing to timely produce discovery and violating Court orders. *See T.M.W. v. Nassau Cnty. Police Dep't*, No. 25-CV-05161 (JMA)(JMW), 2026 WL 2323217, at *1 (E.D.N.Y. Aug. 11, 2026) (the "August Order"). Specifically, in the August Order, the Court determined that "Plaintiffs are entitled to reasonable attorneys' fees and expenses incurred in bringing this motion," and directed counsel "to submit a declaration or affidavit setting forth the basis for costs and attorneys' fees, with the appropriate supporting documentation." *Id.* at *5. Now, before the Court is Plaintiffs' application for attorneys' fees in connection with the August Order in which Plaintiffs request a total of $3,500.00 in connection with making the motion for sanctions. (ECF No. 25.) Defendants oppose the application arguing that the request fee should be reduced. (ECF No. 26.) For the following reasons, the Court awards fees to Plaintiffs' counsel in the amount of $2,625.00.

**DISCUSSION**

Having already determined that attorneys' fees and expenses incurred in bringing the prior motion for sanctions is the appropriate discovery sanction under Rule 37 for Defendants' non-compliance with the Court's discovery orders, the Court must determine the reasonableness of the fee to be awarded to Plaintiffs' counsel. *See Hunter v. City of New York*, No. 12-CV-6139

[1] The Defendants are the Nassau County Police Department, Patrick Ryder, as Commissioner of the Nassau County Police Department, and Police Officer John or Jane Doe, said name being fictitious and presently unknown to Plaintiffs but intended to be the Police Officer who ordered and directed the events set forth in the complaint, who is sued individually as well as in his or her capacity as a Police Officer on the Nassau County Police Department.

(MKB), 2021 WL 4942769, at *8 (E.D.N.Y. Oct. 22, 2021) (granting a sanctions motion and thereafter awarding attorneys' fees); *H.B. v. Cnty. of Suffolk*, No. 24-CV-07067 (SJB) (JMW), 2026 WL 111676, at *2 (E.D.N.Y. Jan. 15, 2026) (finding plaintiffs were entitled to fees incurred in bringing the prior motion to compel and then analyzing the reasonableness of the requested fees).

"Where Rule 37 expenses are awarded they must be reasonable. A reasonable award reflects the result of the 'lodestar' analysis, i.e., the product of a reasonable hourly rate (which rate reflects the hourly rate in the District for similar cases) and the reasonable number of hours spent on the tasks for which expenses are sought." *Jackson v. Nassau County*, 602 F. Supp. 3d 352, 355–56 (E.D.N.Y. 2022). This presumptively reasonable fee is essentially "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks and citations omitted).

"The method for determining reasonable attorneys' fees in this Circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases." *Scelsi v. Habberstad Motorsport Inc.*, No. 19-CV-4315 (FB), 2021 WL 6065768, at *2 (E.D.N.Y. Dec. 22, 2021) (referencing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 184, 186 n.3, 190 (2d Cir. 2008)). Once a reasonable hourly rate is determined, the Court must then "multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee." *Id.* (referencing *Arbor Hill*, 522 F.3d at 190). When analyzing an application for attorneys' fees, "excessive, redundant or otherwise unnecessary hours" will be excluded. *Bliven v. Hunt*,

579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-35, 440 (1983)).

"Additionally, the party seeking expenses must support the award sought with the submission of contemporaneous time records reflecting the hours for each professional, the date and number of hours each spent, and a description of the work performed." *Jackson*, 602 F. Supp. 3d at 356. Here, Plaintiffs' counsel included in his declaration, the legal billing entries reflecting actual hours spent on the prior motion from July 27, 2026, to August 7, 2026, indicating the amount of hours expended, listing a description for each task billed for, and as the sole attorney on this matter, noting counsel's hourly rate. (ECF No. 25 at 2-3.)

**i. <u>Reasonable Hourly Rate</u>**

Plaintiffs' counsel requests the Court award $3,500.00 reflecting the work spent by one attorney, Patrick C. Carroll ("Carroll" or referred to as "Counsel") from the firm of Law Office of Patrick C. Carroll, Esq. (the "Firm"). (*See* ECF No. 25 at 2.) Counsel's qualifications are as follows.

Counsel is the named partner of the Firm and has been admitted in New York since May of 2000. (*Id.* at ¶ 3.) Counsel has also practiced before this Court for twenty-five years and has practiced in all four federal New York districts. (*Id.*) Carroll's requested rate is reasonable. *See Rubin v. HSBC Bank USA, NA*, 763 F. Supp. 3d 233, 243–44 (E.D.N.Y. 2025) ("Adjusted for inflation and market conditions, I have rounded out the forum rates in the Eastern District to now be $450-$650 for partners…"); *Doe v. Gonzalez*, No. 21-CV-04580(JS)(LGD), 2024 WL 2795216, at *2 (E.D.N.Y. May 21, 2024) (noting that "[p]recedent in the Second Circuit suggests that a reasonable hourly rate for a civil rights attorney can range from $250 to $650, with rates clustering around $450 per hour for experienced attorneys in garden variety civil rights cases.");

*see also Perkowski v. Town of Brookhaven*, No. 18-CV-5480 (NRM) (LGD), 2023 WL 5510639, at *4 (E.D.N.Y. Aug. 25, 2023) (quoting *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 300 (E.D.N.Y. 2012) ("The highest rates in this district are reserved for expert trial attorneys with extensive experience before the federal bar, who specialize in the practice of civil rights law and are recognized by their peers as leaders and experts in their fields.")). Indeed, Counsel's rate is way below the norm that other civil rights attorneys charge their clients. However, Counsel states that this is his "longstanding billing rate for the Plaintiffs and their family," as he has "had a legal and professional relationship with these clients … for over 7 years." (ECF No. 25 at ¶ 3.) *See Claud v. Brown Harris Stevens of Hamptons, LLC*, No. 18-CV-01390, 2024 WL 245261, at *5 (E.D.N.Y. Jan. 23, 2024), *appeal withdrawn sub nom. Claud v. Brown Harris Stevens Residential Sales, LLC*, No. 24-584, 2024 WL 5445025 (2d Cir. May 15, 2024) (granting hourly rates of "'high $500s' to the 'low $600s' to civil rights attorneys").

Accordingly, Counsel's hourly rate of $350.00 is eminently reasonable considering his background and experience and is likewise in line in with this District's forum rule.

**ii. <u>Reasonable Hours Billed</u>**

After determining the appropriate hourly billing rate, the Court must then calculate the hours reasonably expended. *Maldonado v. La Nueva Rampa, Inc.*, No. 10 Civ. 8195 (LLS) (JLC), 2012 WL 1669341, at *13 (E.D.N.Y. May 14, 2012). In making this determination, "[t]he relevant issue ... is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). As such, courts consider attorneys' hours "in light of the extent and nature of the legal tasks they performed." *CIT Bank, N.A. v. Ayers*, No. 15-CV-7256 (JFB) (SIL), 2017 WL 6816486, at *4 (E.D.N.Y. Dec. 5, 2017).

Courts also look to what is billed and whether the work performed is in connection with the instant motion for attorneys' fees. *See Superb Motors Inc. v. Deo*, No. 23-CV-6188 (JMW), 2025 WL 1770553, at *3-4 (E.D.N.Y. June 26, 2025) ("discretion lies with the Court to reduce fees, where entries are broad, or an attorney uses block billing methods … [and] "the work performed []appears reasonably related to the instant motion for attorneys' fees").

Here, Carroll seeks attorneys' fees for a total of 10 hours totalling $3,500.00 that have been spent in connection with making the motion for sanctions and attending the related virtual Court appearance. (ECF No. 25 at 2-3.) As set forth in the August Order, Plaintiffs were only entitled to reasonable attorneys' fees and expenses incurred in bringing the motion for sanctions, and as such, the review and award of hours is limited to that.

The entries include (i) drafting, revising and reviewing the motion itself, (ii) compiling all relevant exhibits, (iii) discussing the same with his clients, and (iv) preparing for and attending the Court Conference. (*Id.*) These descriptions are detailed enough so as to specify the description of the work performed. Defendants argue that some of these entries are unnecessary such as the 5.5 hours for preparing the motion, most of which included prior exhibits as this was a renewed motion, 1.5 hours discussing the motion and strategy with his clients, and 1.5 hours for reviewing Defendants' opposition as well as 1 hour for preparing for the court conference. (ECF No. 26 at 2.)

Courts have found that the type of work and hours requested here reasonable in connection with motions for sanctions. *See China AI Cap. Ltd. v. DLA Piper LLP (US)*, No. 21-CV-10911 (VM) (VF), 2025 WL 2466633, at *8 (S.D.N.Y. May 22, 2025), *report and recommendation adopted*, No. 21 CV 10911(VM), 2025 WL 3204368 (S.D.N.Y. Nov. 17, 2025) (collecting cases on what has been found reasonable for time spent on a motion for sanctions,

which ranged from 24 to 36 hours with little to no exceptions for excessive hours); *Ballard v. Dzurenda*, No. 20-CV-05241 (MKB) (JMW), 2026 WL 673249, at *4 (E.D.N.Y. Mar. 10, 2026) (same). Upon review though, there are some redundant, excessive, or otherwise unnecessary time entries. Considering the experience of Carroll, it does not appear that 5.5 hours to draft a letter motion is necessary and thus, is excessive. *See StoneX Grp., Inc. v. Shipman*, No. 23-CV-00613 (JGK) (VF), 2025 WL 1212165, at *7 (S.D.N.Y. Apr. 25, 2025) (discussing that senior associates and lead attorneys should not bill excessive amounts of time on motions for sanctions that "given their levels of experience" could certainly be completed in less time and efficiently). Likewise, a total of three hours for discussing the motion with his clients and reviewing Defendants' opposition, which was only four pages (*see* ECF No. 22) is excessive. *See Whitney v. JetBlue Airways Corp.*, No. 07-CV-1397 (CBA), 2009 WL 4929274, at *8–9 (E.D.N.Y. Dec. 21, 2009) (discussing that the vagueness of the entries did not allow the court to determine the reasonableness of the requested fee and reducing the award by 25%); *Ballard*, 2026 WL 673249, at *5 (reducing fees by 20%).

The Court, therefore, finds that a reduction of 25% is warranted here. Accordingly, the requested fee application is reduced from ten (10) hours to seven and a half (7.5) hours times the reasonable hourly rate as outlined above, totalling $2,625.00 should be awarded to Plaintiff, and thus, approves the application with these modifications.

## CONCLUSION

For the foregoing reasons, Plaintiffs' counsel is awarded attorneys' fees in the amount of $2,625.00.[2]

Dated: Central Islip, New York
August 24, 2026

**S O O R D E R E D:**

/s/ James M. Wicks
JAMES M. WICKS
United States Magistrate Judge

[2] Counsel for Plaintiffs has made no reference or request for expenses or costs, and as such, none are awarded.